IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **AVERY CATO (Hays Co. #907374)** | § |
| | § |
| **V.** | §   A-24-CV-808-RP |
| | § |
| **HAYS COUNTY DISTRICT** | § |
| **ATTORNEY'S OFFICE and** | § |
| **HAYS COUNTY DISTRICT COURT** | § |

# ORDER

Before the Court are Plaintiff Avery Cato's complaint and more definite statement. The Court granted Plaintiff leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Hays County Jail. A grand jury in Hays County indicted Plaintiff for making a terroristic threat. Plaintiff's criminal charge is currently pending.

Plaintiff sues the Hays County District Attorney's Office and the Hays County District Court. Plaintiff appears to recognize in correspondence mailed to the Court (ECF #7) that the named defendants are immune from suit. He acknowledges the Court may not provide legal advice but then asks for legal advice. He further asserts "[next] I'll motion to change the case to be against Texas & or the claim terminology when y'all Elucidate." In his complaint, Plaintiff seeks the dismissal of his criminal charges in Hays County and $20 million.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. Plaintiff makes clear he does not sue any individuals from the Hays County District Attorney's Office or the Hays County District Court. Plaintiff alleges the Hays County District Attorney's Office violated his constitutional rights. Specifically, he alleges [e]xtreme and excess slander has been weaponized to persecute [him]." He claims the Hays County District Attorney's Office is aware of his mental disability and his accused act is not technically criminal. He states he has suffered eight months in jail, he is currently homeless, his mother passed away, he missed his mother's funeral, and he is missing school. Plaintiff contends the State of Texas is responsible for his "constitutional damages, & neglecting, & upholding their abuse." Plaintiff asserts Greg Abbott and County Judge Rueben Becerra submitted illegal evidence. He further asserts Judge Tibbe will not reduce his bond and his attorney "won't adhere, he's afraid & [plaintiff] did not do the crime." He claims the State is dragging their feet and "the entire state faction is persecuting [him]." He requests federal intervention.

DISCUSSION AND ANALYSIS

1.     <u>Legal Standard</u>

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2.   Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

3.   Eleventh Amendment Immunity

Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.*

Plaintiff's claims seeking monetary relief against the Hays County District Attorney's Office are barred by Eleventh Amendment Immunity. Texas district attorneys are considered agents of the

state, who are immune from claims for damages under the Eleventh Amendment. *Arnone v. County of Dallas, Tex.*, 29 F.4th 262, 268-72 (5th Cir. 2022); *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). The Hays County District Court is also entitled to Eleventh Amendment immunity. *See Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022).

4. Habeas Claims

Plaintiff's request for an immediate release is improper. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief because Plaintiff already has a Section 2241 habeas corpus petition pending in Cause No. SA-24-CV-783-FB (W.D. Tex.).

CONCLUSION

Plaintiff's claims for monetary damages are barred by Eleventh Amendment immunity. Plaintiff's claims for an immediate release must be pursued in a petition for writ of habeas corpus.

It is therefore **ORDERED** that Plaintiff's claims for monetary damages are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e) and Plaintiff's request for an immediate release is **DISMISSED WITHOUT PREJUDICE** to pursuing his claim in a habeas corpus petition. To the extent necessary a certificate of appealability is **DENIED**.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on September 1, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE